*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, PENNIX, and HOUTZ
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Jacob A. HULL**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 202000044**

Decided: 5 October 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Mark D. Sameit

Sentence adjudged 29 October 2019 by a general court-martial convened at Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 28 months, and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Erin Alexander, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Uniform Code of Military Justice arts 59, 66, 10 U.S.C. §§ 859, 866.

However, we note that Appellant requested a deferment of automatic forfeitures until the Entry of Judgment and the convening authority, after reviewing the request, summarily denied the request without stating the basis for doing so. "When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds, United States v. Dinger*, 77 M.J. 477 (C.A.A.F. 2018); *see also* Rule for Courts-Martial [R.C.M.] 1103(d). Accordingly, the failure to state in writing the basis for the denial of a deferment request constitutes error on the part of the convening authority. *Id*. We review the denial of a request for deferment for an abuse of discretion. *United States v. Brownd*, 6 M.J. 338, 340 (C.M.A. 1979). However, when a convening authority does not state a reason for its action, we are left unable to assess any abuse of discretion since "the basis for the exercise of that discretion is unknown." *Sloan*, 35 M.J. at 6-7. Therefore "we must independently review the facts of this case and determine whether deferment was appropriate, and if it was, what remedy should follow." *United States v. Phillips*, No. 200400865, 2006 CCA LEXIS 61, *28-9 (N-M. Ct. Crim. App. Mar. 16, 2006) (unpub. op.) (citation omitted).

Our analysis of the factors enumerated in R.C.M. 1103(d)(2) convinces us that it was appropriate to deny the requested deferral. Appellant's crimes involved the sexual assault and abusive sexual contact of a fellow Marine who Appellant admitted was too intoxicated to consent to the sexual activity. The crimes Appellant pled guilty to were serious and carried a statutory maximum of 37 years' confinement. The sentence adjudged was in accordance with the maximum sentence allowed in his plea agreement: reduction to E-1, confinement for 28 months, and a bad-conduct discharge. Appellant's basis for a clemency request for deferment of automatic forfeitures was to provide Appellant with money to pay off a credit-card balance, so he could more easily reintegrate into society when he eventually leaves confinement. Under R.C.M. 1103(d)(2), Appellant has the burden of showing that the interests of Appellant and the community in deferral outweigh the community's interest

in imposition of the punishment on the effective date. In balancing the interests of Appellant as described to help him reintegrate into society in approximately two years, against the seriousness of the crimes to which he pled guilty—sexual assault and abusive sexual contact of a severely intoxicated fellow Marine—and the sentence adjudged for these crimes, we find Appellant did not meet his burden. It was therefore appropriate to deny the deferment request. Accordingly, we find that Appellant did not suffer any prejudice from the convening authority not articulating in writing the specific reasons for his denial of the request for deferment.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court